# Mitchell *v.* McCullough.

### *Suit on a Promissory Note.*

1. *Usury is no defence to an action, on renewed notes held by an innocent holder.*—The plea of usury is no defence to a suit on a promissory note, when the maker renewed it in the hands of a subsequent holder, who gave full value for the note, and had no knowledge of the usury.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The plaintiff, Buckner H. Mitchell, brought suit to the October term of the City Court of Montgomery, against Thomas J. McCullough, to recover the money due on a promissory note made by him.   The defendant filed the following pleas, viz :

1.  "Comes the defendant, and for answer to the complaint, says he did not undertake or promise in manner and form as alleged in the complaint, and this he is ready to verify, &c.

2.  "The defendant for further answer to the complaint says that the note upon which this action is founded is usurious and void; and this he is ready to verify, &c.

3.  "The defendant for further answer to the complaint, says that the defendant borrowed heretofore, to-wit, in 1858, from L. Townsend, as guardian of the person and estate of —— Killen, the sum of twelve hundred dollars, for the loan and use of which the defendant agreed to pay interest at the rate of twelve and a half per cent. per annum, and upon the said indebtedness the defendant has paid a large sum, to-wit, the sum of twenty-three hundred dollars.   Defendant further says, that the note upon which the action is founded was given by this defendant in renewal and extension of an

[Mitchell v. McCullough.]

unpaid portion of said indebtedness, and the said note is wholly usurious and void.   The defendant further says, that the said —— Killen is now the wife of the plaintiff, and, this he is ready to verify, &c.

4. "The defendant for further answer to the complaint,. says that the note upon which the action is founded was given by this defendant in renewal and extension of the un- paid balance of a note which was the statutory, separate estate of —— Mitchell, who is the wife of the plaintiff,. created and secured to her by the laws of Alabama ; and that the plaintiff is not the party really interested in said note ; and this he is ready to verify, &c."

The judgment entry recites that the plaintiff demurred to the second, third, and fourth of the said pleas, and the court overruled the demurrer to the second and third pleas, and sustained it as to the fourth plea.

On the trial the plaintiff "read, in evidence, the promis- sory note described in the complaint, to the jury, and rested." The bill of exceptions states, "the defendant was then sworn as a witness in his own behalf, and testified that in 1858, he purchased from one Townsend a tract or parcel of land for $1,600, and when the purchase-money became due in 1858 or 1859, he was ready to pay it, but that Townsend said to · him when he was about to pay the money, that he, Town- send, was guardian of —— Killen, a minor, and had money belongtng to her, which he wished to loan out, and re- quested defendant to pay only $600 of the amount due, and to give his note for the remaining $1,000, with interest at twelve per cent. per annum.   Defendant assented to the proposition and paid Townsend the $600 in cash, and gave his note to Townsend for $1,120, payable twelve months after date, being for the $1,000, with interest at the rate of ` twelve per cent. added to the amount ; that he gave no securities on the note, and that he did not recollect whether the note was made payable to Townsend as guardian, or indi-- vidually ; that at, or soon after, the maturity of the note, he paid Townsend $500 on the debt, and gave to Townsend a new note for the balance due, calculating interest on the· $1,120 from the maturity of the original note, which was taken up·and destroyed.

"Townsend died in 1862 ; and after the war, in 1865, de- fendant found said note in the possession of said —— Killen, then twenty-one years old, who claimed the note as her own.   Defendant paid to her $100 on it.   Afterwards she married plaintiff, Mitchell, who applied to the defendant for·

[Mitchell v. McCullough.]

payment of the note. Defendant thereupon paid plaintiff in part, took up the old, and gave a new note, payable to the plaintiff for the residue; and after making one more payment on the note thus given, that note was taken up, and the note in suit was given for the balance, after deducting the said payments.

"In the first settlement with the plaintiff, when the note to Townsend was taken up, and also in the second settlement with plaintiff when the first note given to him was taken up, and the note now in suit was given for the balance, interest was calculated at eight per cent. on the amount due, and nothing was said about usury in the original transaction; and defendant never said anything to plaintiff or plaintiff's wife about usury in the original transaction with Townsend until after the maturity of the note now in suit.

"The several payments made by defendant to plaintiff on the debt as above stated, amounted to $750 or more, amounting together with the payment to Townsend to more than $1,000."

This testimony was corroborated by other witnesses. The evidence showed that the note made to Townsend by defendant, was delivered by the administratrix of Townsend's estate to —— Killen, upon a settlement with her of the amount due her from the estate of Townsend, who had been her guardian. The evidence also showed that neither —— Killen nor her husband (the plaintiff) knew anything of usury, or participated in any manner in the "original usurious transaction." The first time the plaintiff heard of the usurious transaction was after the maturity of the note in suit. The foregoing was all the evidence in the case.

"Thereupon the plaintiff asked the court to charge the jury that, if they believed the evidence, they must find for the plaintiff. This charge, which was duly asked in writing, was refused, and the plaintiff excepted. The court, at the request of the defendant, charged the jury that if they believed, from the evidence, that the original transaction was a loan of $1,000, or the extension of a debt by Townsend to the defendant for twelve months, and that interest at the rate of twelve per cent. per annum was added to the face of the note, the note was usurious and void as to the interest, and defendant was only liable to pay the principal sum of $1,000, so loaned or extended on the original note or any renewal of it, and if they believed, from the evidence, that the payments made by defendant to Townsend, to plaintiff's wife, and to plaintiff himself on this indebtedness amounted

to more than $1,000, and that the note in suit was given in renewal of the original indebtedness, including the usury, they must find for the defendant."

To this charge the plaintiff excepted.

D. S. TROY, for appellant.—1. There is but one question presented by this case, and the following authorities are directly in point.—9 Ala. 699; 8 Ala. 53; 3 Ala. 158; Tyler on Usury, 401–406; Ib. 233–234; 1 Duvall (Ky. Rep.) 54; 1 Barbour Chan. 43–44; 15 Iowa, 326; 6 Bos. ( N. Y.) 66.

CLOPTON, HERBERT & CHAMBERS, for appellee.

STONE, J.—The rulings of the City Court in this case are directly opposed to the uniform decisions of this court on this question. By the renewal of the note to the subsequent holder, who did not participate in the usurious transaction, gave full value for the claim, and had no knowledge of the usury, the defendant precluded himself from relying on that defence. See the authorities on the brief of appellant. The charge asked by plaintiff and refused, should have been given. There was no material conflict in the evidence, and it clearly showed plaintiff's right to recover.

Reversed and remanded.